**Bruce James DONADIO, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 01PDJ032.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 8, 2001.

**ORDER RE: REINSTATEMENT PURSUANT TO C.R.C.P. 251.29(j)**

This matter is set for a Reinstatement Hearing on today's date, June 8, 2001. Teresa M. Garcia appeared on behalf of the People of the State of Colorado ("respondent"). Jeffrey S. Pagliuca appeared on behalf of the

---

Petitioner, Bruce James Donadio ("Donadio"). The parties have submitted a Stipulation and Agreement Concerning Petitioner's Verified Petition for Reinstatement filed May 24, 2001 in which the parties stipulate that Donadio has established, by clear and convincing evidence, that he has complied with all applicable orders and rules relating to attorney discipline, that he has rehabilitated himself, and is fit to practice law. The parties do not believe that a formal hearing in this matter is necessary. The parties request that the Presiding Disciplinary Judge enter an Order reinstating Donadio as an attorney licensed to practice law in the State of Colorado, subject to the conditions set forth below.

On June 8, 2001, Bruce James Donadio appeared before the Presiding Disciplinary Judge, attested to the representations set forth in the Stipulation and Agreement Concerning Petitioner's Verified Petition For Reinstatement and provided testimony. The PDJ, pursuant to C.R.C.P. 251.29(j) finds that the Petition for Reinstatement was filed within ninety days prior to the expiration of the eighteen month period of suspension and the Office of Regulation Counsel has had ample opportunity to conduct any investigation it deems necessary and has in fact conducted such an investigation. Accordingly, the PDJ approves the Stipulation and Agreement Concerning Petitioner's Verified Petition For Reinstatement and herein Orders:

BRUCE JAMES DONADIO, attorney registration number 24539 is reinstated to the practice of law effective June 8, 2001, subject to the following conditions; such conditions shall apply for a period of eighteen months:

(a) Donadio shall provide all releases deemed necessary by Attorney Regulation Counsel to monitor Donadio's counseling and/or mental health treatment. This includes releases for any and all records of Donadio's counseling and/or treatment, and permission for Attorney Regulation Counsel to discuss Donadio's condition with his treating mental health professionals and/or sponsors;

(b) Donadio shall continue the following: psychotherapy by Dr. Randy Cale or other qualified psychiatrist or psychologist trained in or specializing in substance abuse issues for as long as that therapist believes such therapy is required; "aftercare" or other appropriate treatment and counseling for substance abuse in accordance with the recommendation of his rehabilitation mental health providers. The frequency of any counseling shall be determined by Dr. Cale or any subsequent qualified mental health provider. All mental health providers utilized by Donadio must be approved by Attorney Regulation Counsel. Donadio must promptly inform Attorney Regulation Counsel of any intended changes in providers and provide Attorney Regulation Counsel with the appropriate releases to interview these providers about Donadio. Dr. Cale or any other qualified mental health professional shall report monthly to Attorney Regulation Counsel.

(c) Donadio shall submit to random drug and alcohol tests for one year after he is reinstated to the practice of law in Colorado. Reports of test results will be made to Attorney Regulation Counsel. All random drug and alcohol tests requested of Donadio shall be completed within 24 hours of the request, absent good cause.

(d) Donadio shall attend Alcoholic Anonymous or Narcotics Anonymous at least two times weekly.

(e) Practice monitoring shall be required for a period of one year if Donadio returns to private practice in Colorado or elsewhere in accordance with the following terms:

(1) An attorney approved by Attorney Regulation Counsel shall monitor Donadio's law practice for one year in accordance with these conditions. Donadio shall identify the proposed monitor to the Attorney Regulation Counsel at least 30 days prior to returning to private law practice.

(2) As Donadio acquires clients, he shall notify the monitor and provide an initial summary of the client's matter and any action he intends to take. Donadio shall prepare and provide to the monitor a timeline for each open case showing deadlines for various actions. On subse-

quent lists, Donadio shall note whether the deadlines have been met and shall identify any additional action that has been taken;

(3) The monitor shall review Donadio's tickler and calendar system initially and then at least twice more, at approximately months six and twelve after the monitor's monitoring period begins;

(4) Donadio shall brief the monitor on his method of accounting for fees (including trust funds). Initially, and at six-month intervals, Donadio shall provide proof to the monitor of the existence of a trust account for any client retainers, advance fees or other funds held for clients or third parties arising from his law practice. The monitor need not audit Donadio's accounts or finances, but should determine whether Donadio has a ledger or other system which reasonably appears to accomplish Donadio's safeguarding and accounting obligations under Colo. R.P.C. 1.15 or similar rules in other jurisdictions. If the monitor has any unresolved concerns about Donadio's financial accounting, the monitor should notify the Attorney Regulation Counsel, which may investigate further or suggest resolution of the concerns. Donadio is responsible for providing complete and accurate information to the monitor, understanding that the effectiveness of the monitor's oversight depends on the information provided by Donadio;

(5) The monitoring shall be for a period of one year following Donadio's return to private practice. The one year period of monitoring applies regardless of the date Donadio returns to private practice;

(6) The monitor shall notify the Attorney Regulation Counsel of any concerns requiring more extensive monitoring. Donadio shall comply with any increased monitoring requirements directed by the monitor or the Attorney Regulation Counsel;

(7) The monitor will notify the Attorney Regulation Counsel of any serious deficiencies in Donadio's capability to handle the current or an increased caseload, or capability to handle a particular case. The monitor need not investigate the deficiencies fully, but may request further investigation by the Attorney Regulation Counsel;

(8) The monitoring shall be at Donadio's own expense;

(9) The monitor will take into account Donadio's geographical location in setting the schedule and conditions for review and deciding upon a telephonic or an in-person conference;

(10) The monitor shall send the Attorney Regulation Counsel a letter report monthly to summarize the monitor's actions to meet the responsibility under the monitoring agreement. The monitor should note Donadio's compliance with the calendaring, tickling, accounting and other requirements set forth under this monitoring plan. Any issues or concerns that were addressed by the monitor and Donadio, and the resolution of those issues (or the lack of resolution) should be included in the report. The Attorney Regulation Counsel reserves the right to require a more detailed written or oral report from the monitor, or to conduct an investigation of Donadio's compliance with the conditions;

(11) The monitor is not expected to provide substantive legal advice to Donadio about any of his cases or any legal issues pertaining to his cases. Donadio understands that he must make his own decisions about each case, and may need to associate with a more experienced attorney in a particular area. The monitor cannot serve as a consultant on the handling of cases;

(12) Donadio shall ensure that appropriate releases are obtained to allow the monitor to review any of Donadio's files that the monitor believes may be necessary in carrying out the monitoring functions, although it is not anticipated that the monitor will be required to do this if Donadio provides accurate timelines and summaries. If the monitor believes that it is necessary to discuss information with Donadio that otherwise may be subject to the attorney-client privilege

between Donadio and his client(s) then Donadio shall ensure that appropriate client releases are sought promptly and shall confer with the monitor in advance on the language of the releases;

(13) Donadio shall hold the monitor harmless from any claims of malpractice by his clients. As noted above, Donadio is solely responsible for providing appropriate legal services for each client, and Donadio specifically agrees to this.

(14) If the approved monitor is no longer willing or able to serve as a monitor, the monitor should notify Donadio and Attorney Regulation Counsel promptly and in writing. Donadio is responsible for providing an alternate candidate for consideration by Attorney Regulation Counsel within ten (10) days of receipt of the monitor's written notice.